THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent, *v.* RUFUS E. SMITH, as Trustee, and Another, Appellants.

First Department, May 29, 1931.

*Herman Shulman* of counsel [*Benjamin Algase* with him on the brief; *Abraham Wittner*, attorney for Mary Wittner; *Pentlarge & Johnson*, attorneys for Rufus E. Smith, as trustee], for the appellants.

*Peter C. Mann* of counsel [*James D. Ewing* with him on the brief; *Alexander & Green*, attorneys], for the respondent.

McAvoy, J. Plaintiff sued to interplead claimants to a fund which was admittedly due as repayment of premiums on a policy of life insurance on the life of Hyman Wittner, who died October 26, 1927, alleging that the policy had lapsed by reason of non-payment of a premium due on or about September 1, 1927.

The action also sought to enjoin prosecution by the defendants of any actions on the policy for the recovery of the amount due under said policy and for a discharge of plaintiff from liability thereon on payment into court of the amount admittedly due.

Defendant Mary Wittner is the beneficiary under the policy. Defendant Smith is a trustee for the benefit of creditors and interested in the proceeds of the policy.

A son of the assured within the period of grace arranged an extension of the time of payment of the premium due on September 1, 1927, and pursuant to this arrangement the son sent his mother's check for forty per cent of the semi-annual premium to the plaintiff, which under the written arrangement was to keep the policy in force until January 1, 1927, when the balance was to have been paid. (This year date is obviously an error and should read 1928.)

The plaintiff on October fifth wrote the so-called notice extending the time for payment of the premium, which was due September 1, 1927, reciting the extension to January 1, 1928, and the receipt of $222.48 as a payment thereon.

The check for this sum was returned by the bank to the plaintiff unpaid, and the plaintiff company wrote on October sixth to the insured at an address which he had formerly given, but which apparently had been changed, that the check had been returned by the bank and that the insurance company was rebanking the check and requesting that the insured see to it that it was properly honored when it was again presented.

· The insured had not lived at the Greenwich street address for more than a year prior to the sending of this letter. Previous correspondence with relation to the extension had been addressed to his correct address at 850 East One Hundred and Sixty-first street. The notification of the extension of the time for paying the premium had been sent to the One Hundred and Sixty-first street address of the assured, indicating knowledge of the change of address on the part of the agents of the company.

The notice to the assured that the plaintiff was rebanking the check was received Saturday, October eighth, instead of Friday, October seventh, and on receipt of the letter a son of the assured, upon inquiry at the bank, was advised that the check had been returned for the second time. He then secured the cash and went to plaintiff's office to tender the sum agreed on for an extension of

time for payment of the premium. This tender was refused and the son of the insured was advised that the company had elected to declare the policy lapsed, and a letter dated October eighth was transmitted to the insured stating that the extension was null and void and the policy " now stands lapsed in accordance with its own terms and conditions on account of the non-payment of the premium."

The question for determination is: Whether or not these circumstances outlined above constitute a waiver on the part of the insurance company of its right to declare the policy lapsed and to tender back the paid-in premiums in full acquittance of its obligations on the policy?

It is our opinion that since the consideration for the extension failed on non-payment of the check given therefor, the policy would have lapsed if the plaintiff had stood upon its right so to declare its election. This, however, it did not do and waived such right to declare the policy lapsed by requesting that the insured see to it that the check was properly honored on rebanking by the insurance company. The fact that this notice did not reach the insured in time for him to prevent the second return of the check was not due to fault on his part, but because of the incorrect addressing of the notice, and upon notification his son took steps to make a tender in cash of such amount of the premium as had been agreed upon as sufficient for an extension of time of payment of the premium under the policy.

Whether there was a waiver or not presented a question of fact in view of the circumstances of the extension, return of the check, the notification to procure the honoring of the check and the timely tender of cash in the circumstance, and the refusal by the plaintiff insurance company to receive the tender.

This question of fact should have been presented to the jury for determination as to whether the company had not elected to consider the policy still in force at the time of the death of the insured.

It is also a question of fact for the jury to determine as to whether the application for the reinstatement of the policy induced by the insurer's representation constituted a waiver of the assured's rights under the policy.

The judgment should be reversed and a new trial ordered on the issues as indicated in this opinion, with costs to the appellants to abide the event.

FINCH, P. J., and SHERMAN, J., concur; MERRELL and MARTIN, JJ., dissent and vote for affirmance.

Judgment reversed and a new trial ordered on the issues as indicated in opinion, with costs to appellants to abide the event.